FILED
JAN 3 0 2014
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. **4:14CR00016 CDP** |
| KHALED R. HASSAN, | ) |
| Defendant. | ) |

## INFORMATION

The United States Attorney charges that:

### The Defendant

1. At all times relevant to this Information, defendant Khaled R. Hassan was a resident of St. Charles County, Missouri and operated a medical offense in St. Louis County, all within the Eastern Division of the Eastern District of Missouri. Defendant was also a medical doctor who was licensed in the state of Missouri.

### Relevant Medicare Provisions

2. The United States Department of Health and Human Services, through the Centers for Medicare and Medicaid Services ("CMS"), administers the Medicare Program, which is a federal health care benefit program within the meaning of 18 U.S.C. § 24(b) that provides medical benefits, items, and services to elderly and disabled citizens. Medicare reimburses health care providers for covered health services that they provide to Medicare beneficiaries in outpatient settings. As a "basic condition" of Medicare payment, any services billed by the provider must have first been furnished by a provider that was qualified to have payment made for the services. 42 C.F.R. § 424.5(a)(2).

3. To receive Medicare reimbursement, providers must submit an appropriate application to the Carrier and execute a written provider agreement. The provider agreement obligates the provider to know, understand, and follow all Medicare regulations and rules. After successful completion of the application process, Medicare assigns the provider a unique provider number, which is a necessary identifier for billing purposes.

4. On or about November 30, 2010, defendant Khaled R. Hassan signed a Medicare Enrollment Application. Defendant's Medicare provider enrollment applications contained a "Certification Statement" generally obligating the defendant to abide by Medicare laws and regulations and not submit false claims to Medicare. Defendant's Medicare provider application included the following agreements by the defendant:

> I agree to abide by the Medicare laws, regulations, and program instructions that apply to this supplier. The Medicare laws, regulations, and program instructions are available through the Medicare contractor.

> I will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare, and I will not submit claims with deliberate ignorance or reckless disregard of their truth or falsity.

### CPT Procedure Codes

5. When presenting claims to Medicare, Medicaid, and other insurers, providers use the Physicians Current Procedural Terminology, called CPT codes, to describe the service they provided. CPT codes are developed by the American Medical Association and physicians of every specialty, who determine appropriate definitions for the CPT codes. By submitting claims using these CPT codes, providers represent to Medicare, Medicaid, and other insurers that the services described by the codes were, in fact, provided.

6. Reimbursement rates for the CPT codes are set through a "fee schedule" created by Medicare. The fee schedule outlines the maximum amount the government will reimburse

the provider for a given service. The fee for a given service may vary depending on the type of health care professional providing the service.

7. Medicare uses CPT codes 99211-215 for the billing of office visits by physicians, with these codes covering services for the various lengths of time that a physician typically spends face-to-face with the patient. 99211 involves payment for a visit with a physician typically lasting five minutes with minimal presenting problems by the patient. The CPT guidance for 99211 notes some office visits billed under this code "may not require the presence of a physician." The other office visit codes, 99212-215, involve time frames between 10-40 minutes, with the CPT guidance for each of these codes specifically stating that "the physician" typically spends the relevant time periods specified in each of these codes "face-to-face with the patient and/or family."

## COUNTS ONE THROUGH THREE

8. Paragraphs 1 through 7 are incorporated by reference, as if fully set forth herein.

9. On or about the dates indicated below, in St. Louis County, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere, KHALED R. HASSAN, the defendant herein, in a matter involving a health care benefit program, knowingly and willfully made and used, and caused to be made and used, materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services, in that the defendant falsely stated and represented that defendant had furnished and provided services to certain patients on certain dates, when the defendant then and there well knew said statements and representations were false as he was traveling outside the United States on each of these dates.

| COUNT | PATIENT | DATE OF SERVICE | CPT CODE |
|-------|---------|-----------------|----------|
| 1 | H. D. | 12-7-11 | 99213 |
| 2 | A.H. | 12-13-11 | 99212 |
| 3 | K.S. | 12-13-11 | 99212 |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Andrew J. Lay, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

Richard G. Callahan
United States Attorney

_____
Andrew J. Lay
Assistant United States Attorney

Subscribed and sworn to before me this 21st day of January, 2014.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK

4